UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES J. ANTHONY, SR.,

                              Plaintiff,

v.                                        5:15-CV-00452 (DNH/TWD)

FEIN, SUCH AND CRANE, LLC,

                              Defendant.
_____

APPEARANCES:

CHARLES J. ANTHONY, SR.
Plaintiff *pro se*
8819 Gaskin Road
Clay, New York 13041

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

Plaintiff Charles J. Anthony, Sr., submitted a *pro se* complaint against Defendant Fein, Such and Crane, LLC, on April 15, 2015. (Dkt. No. 1.) Plaintiff also submitted an application to proceed *in forma pauperis* ("IFP application"). (Dkt. No. 2.) Before the Court issued its Order and Recommendation on Plaintiff's IFP application and on its initial review of Plaintiff's complaint, Plaintiff filed a superseding amended/ supplemental complaint (Dkt. No. 5) and a second IFP application (Dkt. No. 6), which the Clerk has submitted to the Court for review.[1]

---

[1] Even though Plaintiff's original complaint is superseded by his amended/supplemental complaint, in light of Plaintiff's *pro se* status, the Court has considered the allegations in, and attachments to, both Plaintiff's original and amended/supplemental complaints upon its initial review.

## I. PLAINTIFF'S IFP APPLICATION

Plaintiff's second IFP application is the same application initially submitted. (*See* Dkt. Nos. 2 and 6.) It is a New York State court IFP application form rather than the IFP application used in the Northern District of New York.[2] The application reveals monthly Social Security benefits of $1,802 and a monthly pension payment of $ 663.92 for an annual income of $29,591.04. (Dkt. No. 6 at 1.) Plaintiff has listed no income from other sources. *Id*. Plaintiff has listed a bank account with approximately $27.00. *Id*. at 2. For all property with an estimated value over $300.00, Plaintiff has listed two real properties in which he has no equity. *Id*. One of the properties, located at 4268 Gemini Path, Liverpool, New York, is the subject of the underlying foreclosure action. *Id.*

Unlike the IFP application used in the Northern District of New York, the New York State IFP application requires that only extraordinary out-of-pocket expenses, not housing, utilities, or loan payments, or other regular monthly expenses be disclosed. Therefore, most of the information on expenses required in the federal IFP application has not been included. *Id*. Plaintiff has indicated in his State IFP application that he is several months behind in utility bills, he cannot work, and the Gemini Path property is in foreclosure. *Id.*

Because Plaintiff's application is incomplete in that it fails to include information regarding his regular expenses, the Court cannot determine whether his expenses, when considered with his lack of assets and other circumstances, warrant *in forma pauperis* status

---

[2] The IFP application used in the Northern District of New York is Form AO 240 (Rev. 07/10) Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form).

despite the regular monthly income disclosed by him. Nonetheless, because the Court will recommend dismissal of the action on initial review under 28 U.S.C. § 1915(e), the Court grants Plaintiff's second IFP application (Dkt. No. 6) solely for purposes of initial review.

## II. LEGAL STANDARDS FOR INITIAL REVIEW

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to

state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III. PLAINTIFF'S COMPLAINT AND AMENDED/SUPPLEMENTAL COMPLAINT

Plaintiff's original complaint against Defendant Fein, Such and Crane consisted of the following quotation:

> It is unlawful for a debt collector to bring suit against a consumer when the claims are outside of the applicable statute of limitations. Under New York law, in order for an action to be timely filed, it must be commenced not only within New York's statute of limitations, but also withing the statute of limitations of the state where the cause of action accrued, if other than New York. In debt collection actions, a cause of action accrues where the original creditor of the debt resides. For example, while New York's statute of limitations to collect on a debt is generally six years, if the original creditor on the debt was located in Delaware, which has a three-year statute of limitations, the shorter statute of limitations would govern the action.

(Dkt. No. 1 at 1.)

Plaintiff also included a copy of the original complaint in the related Northern District of New York action, *Anthony v. Murphy*, No. 5:15-CV-00450, which Plaintiff seeks to bring against the Hon. James P. Murphy, New York State Supreme Court Justice, arising out of a foreclosure action commenced in the New York State Supreme Court, County of Onondaga, Index No. 2013-3396, in which Defendant Fein, Such and Crane, LLC, is counsel for the Bank of America in the foreclosure action. (No. 5:15-CV-00450, Dkt. No. 1 at 1, 6.)

In his amended/supplemental complaint asserting a cause of action for "Judicial Malpractice Abuse of Debt Collection Laws" against Defendant, Plaintiff has again included the quotation regarding illegal debt collection that constitutes his original complaint. (Dkt. No. 5 at 3.) The quotation comes from a January 9, 2015, press release from the office of New York State

5

Attorney General Eric T. Schneiderman. *Id*. at 3. The press release announces a settlement against a major debt buyer who had filed thousands of time-barred debt collection actions. *Id*.

In his amended/supplemental complaint, Plaintiff has alleged that there has been no activity by Defendant with regard to an exchange of money since 2008, and that the mortgage was paid off to Countrywide Bank in a period from September 15, 2010, to September 18, 2012. *Id*. at 1. The Complaint makes reference to the dismissal of a foreclosure attempt in 2009 which, according to Plaintiff, set the statute of limitations back to 2009 when the entire note was first called due, rendering the foreclosure action commenced in the New York State Supreme Court, County of Onondaga on June 26, 2014, time-barred and, therefore illegal. *Id*. at 1-2.

Although the details of the state foreclosure action and its present status are not entirely clear from the complaint and other submissions, it appears from submissions with the original and amended/supplemental complaint in *Anthony v. Murphy*, that a default judgment has been entered in the foreclosure action, and that Plaintiff attempted to file a notice of appeal. (*See* No. 5:15-CV-00450, Dkt. Nos. 1 at 6, 13-14; 4 at 4-8.)

## IV. ANALYSIS

The Debt Collection Procedures Act ("DCPA") set forth in article 29-H of New York General Business Law ("GBL"), which includes among its prohibited practices to "[c]laim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist," GBL § 601(8), does not create a private right of action. *See Varela v. Investors Ins. Holding Corp.*, 598 N.Y.S.2d 761 (1993). The DCPA authorizes only the New York State Attorney-General or a District Attorney to commence an action for violation of its provisions.

*Id.*; GBL § 602(2).[3] Therefore, even if the District Court had subject matter over a state law claim under the DCPA, the claim would have to be dismissed for failure to state a claim.[4]

Liberally construed, Plaintiff's complaint could arguably be read as an attempt to assert a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*[5] Congress enacted the FDCPA "to protect consumers from deceptive or harassing actions taken by debt collectors." *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002). Attorneys who regularly engage in consumer-debt collection litigation on behalf of a creditor client qualify as "debt collectors" within the meaning of the FDCPA with respect to their litigating activities. *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

Threatening to, and the filing of, a lawsuit which a debt collector knows or should have known is time-barred have been found to be actionable under the FDCPA. *See, e.g., Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 393 (D. Del. 1991) (explaining that "threatening . . . a lawsuit which the debt collector knows or should know is unavailable . . . by reason of a legal bar

---

[3] Presumably, Attorney General Schneiderman was referring to GBL Article 29-H in the press release relied upon by Plaintiff.

[4] "[F]ederal courts are courts of limited jurisdiction." *Owen Equip. & Erec. Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or where there is "diversity of citizenship" and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332). *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002). A claim under the DCPA would not present a federal question, and there are no allegations in the complaint suggesting the existence of diversity jurisdiction.

[5] To establish a violation under the FDCPA "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a "debt collector," and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." *Schuh v. Druckman & Sinel, L.L.P.*, 751 F. Supp. 2d 542, 548 (S.D.N.Y. 2010) (citation and internal quotation marks omitted).

such as the statute of limitations is the kind of abusive practice the FDCPA was intending to eliminate"); *Kimber v. Fed. Fin. Corp.*, 668 F.Supp. 1480 (M.D. Ala. 1987) (holding that a "debt collector's filing of a lawsuit on a debt that appears to be time-barred . . . is an unfair and unconscionable means of collecting the debt.")

However, Plaintiff's complaint and amended/supplement complaint are so devoid of factual content that it is impossible for the Court to draw a reasonable inference that Defendant is liable for any actionable misconduct whatsoever. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")

In light of the foregoing, the Court recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. 1915(e), and that any claim Plaintiff intended to assert under the DCPA be dismissed with prejudice. The Court further recommends that because of Plaintiff's *pro se* status, he be granted leave to amend in the event he can allege facts that support a claim under the FDCPA.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's original IFP application (Dkt. No, 2) is **DENIED AS MOOT**; and it is further

**ORDERED**, that Plaintiff's second IFP application (Dkt. No. 6) is **GRANTED SOLELY FOR THE PURPOSE OF THIS INITIAL REVIEW**; and it is further

**ORDERED**, that Plaintiff's original complaint (Dkt. No. 1) is superseded by his amended/supplemental complaint (Dkt. No. 5); and it is

**RECOMMENDED**, that Plaintiff's amended/supplemental complaint (Dkt. No. 5) be

**DISMISSED** upon initial review under 28 U.S.C. § 1915(e), and that the dismissal of Plaintiff's claim under the DCPA be **WITH PREJUDICE**, and the dismissal of his claim under the FDCPA be with **LEAVE TO AMEND**; and it is

**ORDERED**, that in the event Plaintiff submits an amended complaint for filing in the action, Plaintiff must submit a completed IFP application in the form utilized in the Northern District of New York if he wishes to proceed *in forma pauperis*, and that he otherwise must pay in full the $400.00 filing fee; and it is further,

**ORDERED**, that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation and a blank IFP application.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

\Dated: April 28, 2015
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge