UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES J. ANTHONY, SR.,

                Plaintiff,

    -v-                                   5:15-CV-0452
                                       (DNH/TWD)

FEIN, SUCH AND CRANE, LLC,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

CHARLES J. ANTHONY, SR.
*Plaintiff pro se*
8819 Gaskin Road
Clay, NY 13041

BARLCAY DAMON LLP                  DENNIS R. MCCOY, ESQ.
Attorneys for Defendant
3 Fountain Plaza
1100 M&T Center
Buffalo, NY 14203-1414

DAVID N. HURD
United States District Judge

## **MEMORANDUM, DECISION and ORDER**

**I. INTRODUCTION**

        Plaintiff Charles J. Anthony ("Anthony") commenced this action against the defendant Fein, Such and Crane, LLC ("Fein Such") alleging a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. See ECF No. 25. Presently under consideration is defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). See ECF No. 41. The motion is fully briefed. See ECF Nos. 46, 47.

## II. FACTUAL BACKGROUND

Anthony's Third Amended Complaint, dated November 12, 2015 (ECF No. 25), contains the following allegations. Sometime in 2007, plaintiff entered into a mortgage loan with non-party Home Loan Center, Inc. for approximately $103,000 (the "Mortgage"). Shortly thereafter, the Mortgage was assigned to Countywide Home Loans Servicing LP ("Countywide"), however plaintiff alleges that such assignment was fraudulent. Plaintiff states that he paid Countywide the balance of the Mortgage on an unspecified date in 2008. However, plaintiff continued to receive billing statements from Bank of America, N.A. ("Bank of America") concerning the Mortgage. Plaintiff states that he informed Bank of America on numerous instances that he did not owe the Mortgage balance.

In a December 5, 2011 letter sent to Anthony, Fein Such notified Anthony and his wife that defendant was a debt collector seeking to collect the Mortgage on behalf of its client, Bank of America. Plaintiff asserts that in January 12, 2012, defendant was substituted as counsel for BAC Home Loans Servicing, LP ("BAC") in a foreclosure action filed in Onondaga County Supreme Court, whereby the Steven J. Baum Law Firm was previously representing Bank of America. Plaintiff states that he opposed BAC's foreclosure motion and it was ultimately dismissed.

Anthony alleges that Fein Such, as debt collectors, made false and deceptive representations, including misstating the character, amount and legal status of the debt and threatening to take legal action which was either not intended or could not legally have been taken. Plaintiff contends that defendant's action have resulted in damages to his credit, an inability to sell the property securing the Mortgage, the loss of his time and productivity and pain and suffering.

The following facts, taken from Fein Such's moving papers and exhibits, are also relevant to the Court's analysis. David Case, a partner at defendant's firm, states that the firm filed a summons and complaint in Onondaga County Supreme Court, Index No. 2013-3396, on or about June 26, 2013 against plaintiff and Georgia A. Anthony on behalf of their client Bank of America, based upon the default of the Mortgage (the "Foreclosure Action"). See Affidavit of David Case, Ex A, ECF No. 41-2. Plaintiff failed to answer and an Order of Reference in Mortgage Foreclosure was entered on August 5, 2014. See id., Ex C, ECF No. 41-4. On or about September 12, 2014, plaintiff moved to vacate the prior default and the State Court held a hearing on November 6, 2014 to address whether service upon Anthony was proper. The State Court found service upon Anthony to be proper and heard arguments on the merits of the foreclosure action on November 20, 2014. See id., Ex. F, ECF No. 41-7. After hearing arguments which largely reflect those in Anthony's complaint in the present case, the State Court granted Bank of America's Order of Reference and Bank of America filed a motion for judgment of foreclosure and sale on November 26, 2014. On March 16, 2015, the State Court granted Bank of America's motion for judgment of foreclosure and sale. See id., Ex. G, ECF No. 41-8. To date, Anthony has not perfected an appeal. On January 15, 2016, a sale of the property was held and sold back to Bank of America's successor-in-interest.

## III. **LEGAL STANDARDS**

### *(1) Standard of Reviewing Pro Se Pleadings.*

The Court notes at the outset the well-settled principle that "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The Court must interpret such complaints "to raise the strongest arguments they suggest," the idea being that

"implicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983)).

*(2) Motions to Dismiss for Lack of Subject Matter Jurisdiction.*

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing FED. R. CIV. P. 12(b)(1)). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court ... may refer to evidence outside the pleadings." Id. (citing Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986) (noting that "when, as here, subject matter jurisdiction is challenged under Rule 12(b)(1), evidentiary matter may be presented by affidavit or otherwise."). "[I]t is well established that a district court may rely on matters of public records in deciding a motion to dismiss." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113 (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)).

*(3) Motion to Dismiss for Failure to State a Claim.*

To survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), more than mere conclusions

are required. Indeed, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Dismissal is appropriate only where the plaintiff has failed to provide some basis for the allegations that support the elements of her claims. See Twombly, 550 U.S. at 570 (requiring "only enough facts to state a claim to relief that is plausible on its face"). When considering a motion to dismiss, the pleading is to be construed liberally, all factual allegations are deemed to be true, and all reasonable inferences must be drawn in the plaintiff's favor. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

## IV. **DISCUSSION**.

### *(1) Fair Debt Collection Practices Act*.

The FDCPA "imposes civil liability on 'debt collector[s]' for certain prohibited debt collection practices." Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 576 (2010). Attorneys who are regularly engaged in debt-collection litigation may be "debt collectors" for purposes of the FDCPA. See Heintz v. Jenkins, 514 U.S. 291, 294-95 (1995). The FDCPA provides that "any debt collector who fails to comply with any provision of th[e] [Act] with respect to any person is liable to such person." 15 U.S.C. § 1692k(a). Successful plaintiffs may recover "actual damage[s]", plus costs and "a reasonable attorney's fee as determined by the court." Id. Emotional distress damages are among those recoverable as actual damages in cases alleging violation of the FDCPA. See Woods v. Siger, Ross & Aguire, LLC, 2012 WL 1811628, at *4 (S.D.N.Y. May 18, 2012). Additional damages, subject to a statutory cap of $1,000 for individual actions, may be awarded by the court. See 15 U.S.C. § 1692k(2)(A). Section 1692k does not provide for declaratory and injunctive relief to private litigants. See Hecht v. United States Collection Bureau, Inc., 691 F.3d 218, 224 n.1 (2d Cir. 2012).

The elements of a claim under the FDCPA are that "(1) a plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector', and (3) the defendant has engaged in any act or omission in violation of FDCPA requirements." Schuh v. Druckman & Sinel, L.L.P., 751 F. Supp. 2d 542, 548 (S.D.N.Y. 2010). Section 1692e of the FDCPA proscribes debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt[,]" and provides a non-exhaustive list of example violations. See 15 U.S.C. § 1692e. For example, section 1692e(2)(A) prohibits "[t]he false representation of the character, amount, or legal status of any debt" and Section 1692e(9) bars "[t]he use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court ... or which creates a false impression as to its source, authorization, or approval." See 15 U.S.C. § 1692e.

*(2) Rooker-Feldman Doctrine.*

The *Rooker–Feldman* doctrine recognizes that "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005)). " 'Underlying the *Rooker–Feldman* doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions.'" Green v. Mattingly, 585 F.3d 97, 101 (2d Cir. 2009) (quoting Hoblock, 422 F.3d at 85). The Second Circuit has identified four requirements that must be met before the Rooker–Feldman doctrine applies:

> First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain [ ] of injuries caused by [a] state-court judgment [.]' Third, the plaintiff must 'invite district court review and rejection of [that] judgment [ ].' Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced'-i.e., Rooker–Feldman has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.

Hoblock, 422 F.3d at 85 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 282 (2005)).

*(3) Analysis.*

Fein Such argues that the complaint should be dismissed as it is barred by the *Rooker-Feldman* Doctrine and is otherwise barred by the statute of limitations for a FDCPA claim.

*(i) Plaintiff's Complaint Is Barred By the Rooker-Feldman Doctrine.*

All four factors compelling the application of the *Rooker–Feldman* doctrine, and therefore dismissal of Anthony's complaint, are present. First, plaintiff's allegations, construed liberally in his favor, challenge the validity of his underlying debt at issue in the Foreclosure Action, not the methods by which defendant attempted to collect it. Plaintiff's claim, couched as violations of the FDCPA, presuppose and hinge entirely upon the allegation that both Bank of America and defendant were not legally entitled to collect the debt in the first place. Such arguments, including that he did not have any financial obligation to Bank of America or that the bank lacked standing to foreclose of his property, were raised by plaintiff repeatedly in the Foreclosure Action and rejected by the State Court, resulting in a Judgment of Foreclosure and Sale being entered against plaintiff on March 16, 2015.

Second, Anthony is complaining of injuries caused by the judgment of the State Court, namely, damages arising from the foreclosure upon, and court-ordered sale of, his mortgaged property.

Third, Anthony is inviting this Court to review the merits of that judgment insofar as it determined that Bank of America possessed a legally enforceable right to foreclose against the mortgaged property.

Fourth, it is undisputed that the Foreclosure Action concluded and the Judgment of Foreclosure and Sale were entered on March 16, 2015, one month prior to plaintiff filing this complaint on April 15, 2015. Accordingly, plaintiff's FDCPA claim is precluded by the *Rooker–Feldman* doctrine and, consequently, this federal court lacks subject matter jurisdiction.

*(ii) The Statute of Limitations Bars Plaintiff's FDCPA Claim.*

Even if Anthony's claim was not barred by the *Rooker–Feldman* doctrine, the allegations in the complaint are time-barred under the FDCPA.

An action on an alleged FDCPA violation must be brought within one year of the alleged violation. See 15 U.S.C. 1692k(d); Benzemann v. Citibank N.A., 806 F.3d 98 (2d Cir. 2015). Read liberally, the complaint alleges that defendant violated the FDCPA by sending the collection letter dated December 5, 2011 and by their representation of Bank of America during the pendency of the Foreclosure Action. Plaintiff therefore contends his complaint is timely as it was brought within one year of the conclusion of the Foreclosure Action.

"The one-year period begins to run on 'the date when [the consumer] receives an allegedly unlawful communication.'" Donchatz v. HSBC Bank USA, N.A., 2015 WL 860760, at *10 (W.D.N.Y. Feb. 27, 2015) (quoting Somin v. Total Community Mgmt. Corp., 494 F. Supp. 2d 153, 158 (E.D.N.Y. 2007)). "'[W]hen the alleged violation of the [FDCPA] is the filing of a lawsuit . . . the statute of limitations began to run on the filing of the complaint.'" Bonner v. The Bank of New York Mellon, 2016 WL 1426515, at *2 (E.D.N.Y. Feb. 22, 2016) (quoting Naas v. Stolman, 130 F.3d 892, 893 (9th Cir.1997)). As with any statute of limitations, the FDCPA is subject to equitable tolling, however, such tolling only applies in "rare and exceptional" circumstances. Somin, 494 F. Supp. 2d at 158. Generally, equitable tolling applies only where defendant has engaged in conduct to conceal wrongdoing and, as a result, plaintiff fails to discover facts giving

rise to the claim, despite exercise of reasonable diligence.  See Chapman v. ChoiceCare Long Island Term Dis. Plan, 288 F.3d 506, 512 (2d Cir. 2002).

As both the December 5, 2011 letter from Fein Such and the June 26, 2013 filing of the Foreclosure Action took place over one year prior to Anthony's commencement of this action on April 15, 2015, his claim is time barred pursuant to the terms of the FDCPA.  Plaintiff was well aware of the existence of the Foreclosure Action as he participated in its litigation.  As a result, there are no grounds upon which to equitably toll his FDCPA claim until the conclusion of the Foreclosure Action.  Accordingly, the motion to dismiss plaintiff's FDCPA claim will also be granted on statute of limitations grounds.

## IV. **CONCLUSION**

For the reasons set forth, the Rooker-Feldman doctrine precludes review of plaintiff's FDCPA claim.  Further, such claim is barred by the one year statute of limitations under the FDCPA.  As a result, defendant's motion to dismiss will be granted and the complaint will be dismissed with prejudice.

Therefore, it is ORDERED that:

1. Defendant's motion to dismiss is **GRANTED**; and

2. Plaintiff's Third Amended Complaint (ECF No. 25) is **DISMISSED WITH PREJUDICE** and the Clerk of the Court is directed to enter judgment accordingly, serve a copy of this Memorandum, Decision & Order and the Judgment upon the plaintiff in accordance with the Local Rules and close the file.

IT IS SO ORDERED.

_United States District Judge_

Dated: September 28, 2016
　　　Utica, New York